NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010[*]
Decided August 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1564

| | |
|---|---|
| ANTHONY PORTER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09 CV 00038 |
| | |
| DALIA SULIENE, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Anthony Porter, a Wisconsin inmate, claims in this action under 42 U.S.C. § 1983 and state law that prison physician Dalia Suliene was deliberately indifferent to a painful side effect of a drug injection administered without informed consent. The district court granted

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

summary judgment to Dr. Suliene on the Eighth Amendment claim and relinquished supplemental jurisdiction over the state law claim. We affirm the judgment.

At summary judgment the parties' statements of undisputed fact, together with their affidavits and Porter's medical records, told the following story. Porter suffers from Crohn's disease, which causes pain, fissures, and drainage in and near his rectum. Dr. Suliene treated him on November 14, 2008, for one such fissure. To speed the healing of the fissure and prevent infection, Porter received injections of a steroid and an antibiotic—the latter in his right buttock. According to Porter, the injections were given without first explaining the risks and benefits; Dr. Suliene swears to the contrary.

Two weeks later, Dr. Suliene examined Porter and confirmed that the drainage near the fissure had diminished. But she found a quarter-sized lump on his right buttock near the site of the antibiotic injection. That lump could have been caused by the injection, or by the Crohn's disease. Dr. Suliene prescribed an oral antibiotic to treat the new lump.

On December 1, Porter showed the lump to a physician's assistant at the University of Wisconsin Gastrointestinal Clinic, where he sometimes receives off-site consultations for his Crohn's disease. The assistant observed that much of Porter's buttock was hot to the touch and apparently painful. She alerted a doctor, who recommended evaluating whether the lump should be drained surgically. That recommendation, however, was subject to approval by Dr. Suliene. She did not approve the surgical evaluation because, she opined, the lump did not signal a serious infection, surgery was unnecessary, and the best course was to continue administering the oral antibiotic and monitoring the lump.

Less than two weeks later, Dr. Suliene examined Porter and determined that the lump was shrinking. She continued treating him with the oral antibiotic. Three days after that, Porter reported pain in his right buttock, but medical staff could not see or feel a lump. By December 17, Dr. Suliene reported, the lump had been successfully resolved with oral antibiotics. On December 29, Porter complained of pain in his buttocks, but Dr. Suliene could find no lump. She did, however, treat him for drainage in the cleft between his buttocks. A little more than a week later, both Dr. Suliene and a nurse examined Porter and were still unable to feel a lump. On February 4, Porter returned to the Gastrointestinal Clinic, where he was again examined by the physician's assistant. She felt a small lump on Porter's right buttock but observed no redness or drainage. She remarked that the lump was "apparently healing." (Porter's affidavit adds events after February 4, 2009, but by then he had already filed this lawsuit.)

The district court screened Porter's complaint, *see* 28 U.S.C. § 1915(e)(2), and allowed him to proceed with his claim that Dr. Suliene showed deliberate indifference by choosing a

non-surgical treatment for the lump, and violated Wisconsin's informed-consent law when she first injected him with the steroid and antibiotic. The court dismissed Porter's additional claim that the initial injections used to treat the symptoms of his Crohn's disease constituted deliberate indifference to that condition.

At summary judgment the district court concluded that Porter's evidence would not permit a jury to reasonably infer that treating the lump with an oral antibiotic instead of surgery constituted deliberate indifference. The court declined to exercise supplemental jurisdiction over the state law claim, *see* 28 U.S.C. § 1367(c)(3), reasoning that the state statute of limitations had not yet run, substantial judicial resources had not been expended, and resolution of the claim required further factual development.

Porter principally argues on appeal that a jury could infer deliberate indifference from Dr. Suliene's decision to forego surgery. This contention is without merit. To establish deliberate indifference, Porter would need to show that Dr. Suliene intentionally or recklessly disregarded a serious medical need; mere negligence, even gross negligence, would not suffice. *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976); *McGowan v. Hulick*, — F.3d —, 2010 WL 2813636, at *3 (7th Cir. July 20, 2010); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). But Dr. Suliene did not ignore the lump on Porter's buttock; she promptly treated it with an antibiotic, which in a matter of weeks proved to be fully effective. Dr. Suliene testified in her affidavit that surgery was medically unnecessary, and Porter did not submit contrary evidence. At most, another doctor had proposed evaluating the surgical option, but a recommendation to investigate a particular treatment is not evidence of a need for that treatment. On this record, a jury could not conclude that choosing non-surgical treatment rose to the level of deliberate indifference. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006); *Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996).

Porter also contends that the district court erred at screening by dismissing his third claim. His complaint alleges that Dr. Suliene displayed deliberate indifference to his Crohn's disease by treating his fissures with an injected steroid and antibiotic, thereby causing a lump. The district court, however, concluded that a negative side effect like the lump did not provide a sufficient basis to infer deliberate indifference. On appeal Porter insists that the district court misunderstood his third claim; his contention, he tells us now, is that the Due Process Clause required that a hearing be conducted before he was treated with an antibiotic injection. But that description mischaracterizes his third claim.

Finally, Porter argues that the district court abused its discretion by relinquishing supplemental jurisdiction over his state law claim. When a district court correctly dismisses all federal claims before trial, the court ordinarily should relinquish jurisdiction over any supplemental claims. *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513

(7th Cir. 2010); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008).  Here, the district court weighed "the values of judicial economy, convenience, fairness, and comity" and concluded that on balance they favored relinquishment.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  Porter points to no "extraordinary circumstances" to undermine the district court's conclusion.  *In re Repository Techs., Inc.*, 601 F.3d 710, 724-25 (7th Cir. 2010).

Accordingly, we AFFIRM the judgment of the district court.